

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

July 10, 1973

The Honorable Clayton T. Garrison
Executive Director
Texas Parks and Wildlife Dept.
John H. Reagan Building
Austin, Texas 78701

Dear Mr. Garrison:

Opinion No. H- 60

Re: Does the Parks and Wildlife
Department have the authority
to authorize the trapping and
shipment of wild animals and/or
fish to other countries, either
in exchange for other wild anima
and/or fish of similar or equal
value or without such exchange?

Your request for an opinion of this office asks the following question:

"Does the Parks and Wildlife Department have the
authority to authorize the trapping and shipment
of wild animals and/or fish to other countries,
either in exchange for other wild animals and/or
fish of similar or equal value or without such
exchange?"

The Parks and Wildlife Department, as the successor to the Game and
Fish Commission and the State Parks Board, is directed to exercise all the
powers and duties formerly vested in those agencies. Art. 978-3a(5), V. T. P. (
As an agency of the State, the Department is limited to the exercise of only
those powers the Legislature has expressly and impliedly delegated to it.
State v. Jackson, 376 S. W. 2d 341 (Tex. 1964). Your question, then, is whether
the Legislature has delegated to the Parks and Wildlife Department the authorit
to permit the capture and transportation of wild animals and fish to other count:

Article 87la, V. T. P. C. reads:

"All wild animals, wild birds, and wild fowl within
the borders of this State are hereby declared to be
the property of the people of this State. "

As a consequence of their status as "state property" these wildlife resources may only be appropriated by persons under circumstances and for purposes authorized by State law.

The Legislature has given the Parks and Wildlife Department the broadest possible regulatory authority when the Department is itself the one doing the capturing and transporting of wildlife:

> "The Parks and Wildlife Department at all times
> shall have the power to take, transport, release or
> manage any of the wildlife and fish of this State for
> investigation, propagation, distribution, or scientific
> purposes." Article 913(5), V. T. P. C. (Emphasis added).

This enactment amended prior law by removing a limitation that the Department could only transport captured wildlife within the State (Acts 1925, 39th Leg., p. 394, Ch. 172) and by adding the authority to take and transport fish in addition to wildlife. Therefore, our opinion is that the Department itself is authorized at all times to capture and transport wildlife or fish within or without the State if for the purpose of investigation, propagation, distribution or science. This power does not depend upon an exchange of wildlife of "equal value".

The Parks and Wildlife Department has also been given the authority to permit private individuals under certain circumstances to capture and transport State wildlife. Article 871b, V. T. P. C., requires a written permit from Parks and Wildlife Commission before "game animals, or game birds from the wild" may be transported for the purpose of "better wildlife management by making adjustments in game population." Article 913 (1), V. T. P. C., empowers the Department to permit "qualified persons to take protected wildlife or fish for propagation, zoological gardens or scientific purposes." Neither statute unambiguously authorizes extraterritorial transportation of wildlife. However, Article 874, V. T. P. C., as is protects nongame birds and prohibits their shipment by persons "to a point within or without the state, . . . , except as permitted by Article 913," would imply that the Legislature intended Article 913 to authorize the Department to permit persons to transport wildlife to points "without the State," and that term would include transportation to other countries.

Before the Department amy issue permits for the capture and transportation of protected wildlife it mus t determine that the person is "qualified", meaning capable of capturing the animal in a scientific manner without cruelty (Article 913, § 1a), and that the application is "endorsed by two recognized specialists in the biological field concerned, who are residents of the U. S. and have known the applicant for at least five years. " Article 913, §1. Other rules and regulations may be prescribed by the Department. Article 913, § 3. No doubt the Legislature intended by these minimal guidelines to assure that the purpose of the taking is a legitimate and important one; and that the animals be safely and humanely transported to their destination and cared for thereafter. The Department's responsibility in issuing permits is to see that this intention is carried out.

Therefore, our opinion is that the Parks and Wildlife Department may issue permits pursuant to its rules and regulations for the capture and transportation of wildlife or fish to points within or without the State for the purpose of propagation, zoological gardens, science or better wildlife management if the applicant is "qualified" and his application "endorsed" by two specialists in accordance with Article 913(1), V. T. P. C.

## S U M M A R Y

Under Article 913 (1), Vernon's Texas Penal Code, the Parks and Wildlife Department may at all times capture and transport wildlife or fish of this State for investigation, propagation, distribution or science; and may issue permits to persons to do so in accordance with Article 913(1), Vernon's Texas Penal Code, for those purposes and the additional one of zoological gardens. The Department does not have to require an "equal exchange" as a condition for a permit to capture and transport wildlife to other countries. However, it may require such an exchange. All permits must be issued entirely in accordance with the legislature and regulatory requirements.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee